IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS T. GALLION, III, | * |
| Plaintiff, | * |
| | * CASE NO.: __2:20-cv-00535__ |
| v. | * |
| | * |
| ZOE'S RESTAURANTS, LLC, | * |
| | * |
| Defendant. | * |

## NOTICE OF REMOVAL

COMES NOW Defendant Zoe's Restaurants, LLC, and removes this case to the United States District Court for the Middle District of Alabama, Northern Division, and as grounds therefore, respectfully shows unto the Court the following:

1. Plaintiff Thomas T. Gallion, III is a citizen of the State of Alabama. (Exhibit A, Complaint and State Court Record).

2. Defendant Zoe's Restaurant, LLC is a domestic limited liability company. Zoe's Restaurant, LLC is exclusively owned by its sole Member, Zoe's Kitchen USA, LLC. Zoe's Kitchen USA, LLC is a Delaware limited liability company. Zoe's Kitchen USA, LLC is exclusively owned by its sole Member, Zoe's Kitchen, Inc. Zoe's Kitchen, Inc. is incorporated in the State of Delaware and has its principal place of business in Washington, D.C. and is therefore a citizen of the State of Delaware and Washington, D.C. (See Affidavit of Michael Todd, Exhibit B).

3. Jurisdiction herein is based upon diversity jurisdiction of citizenship, pursuant to 28 U.S.C. 1332(a) and 28 U.S.C. 1441(a).

4. A copy of the entire State Court Record is attached hereto as Exhibit "A."

5. This case arises out of a "trip and fall" accident that occurred on March 12, 2020, in Montgomery County, Alabama. Plaintiff Gallion alleges that he fell attempting to enter the Defendant's restaurant when his foot went partially under a defective rubber mat, resulting in bodily injuries and other damages. (Exhibit A). On May 29, 2020, Plaintiff filed this lawsuit in the Circuit Court of Montgomery County, Alabama, asserting claims of negligence and wantonness against this defendant. (Exhibit A). Plaintiff's Complaint alleges that Plaintiff was "knocked unconscious, cut his head, busted his left knee, suffered a whiplash, tore a ligament in his right shoulder, suffered permanent back injury, and suffered loss of memory and permanent imbalance", and seeks both compensatory and punitive damages. The Complaint alleges that Plaintiff has been treated continually by an orthopedic surgeon, an emergency physician, his family physician, a neurologist, and a physical therapist, and further alleges that he was forced to resign from his local golf membership after 64 years due to his inability to "play golf, walk 10-12 miles a week, practice yoga, and weight train", as a result of his injuries sustained in the fall. (Exhibit A, Complaint). However, the Complaint does not assert a certain monetary amount being sought.

6. On July 16, 2020, counsel for Plaintiff submitted a settlement demand package to Defendant, in which Plaintiff demanded $450,000.00 to settle his claims in this litigation. (Exhibit C). In that written demand, Plaintiff set forth an assessment of Plaintiff's damages and a detailed and itemized explanation supporting his specific settlement demand. (Exhibit C).

7. Pursuant to 28 U.S.C. § 1446(b), "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable…". Where, as in this case, the initial pleading does not contain a jurisdictional basis for removal, § 1446(b)

prescribes that a notice of removal must be filed in federal district court within thirty days after it is first ascertained that the case is removable. Here, the parties were diverse at the time of the filing of the Complaint in state court. However, the amount in controversy was not established until Plaintiff submitted a written settlement demand in July 2020, asserting damages in the amount of $450,000.00. (Exhibit C).

8. Under federal law, "diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000.00." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). Therefore, removal jurisdiction based upon diversity mandates: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s); and (2) satisfaction of the amount in controversy requirement. Jones v. Novartis Pharmaceuticals Co., 952 F. Supp. 2d 1277 (N.D. Ala. 2013). As the Plaintiff is a citizen of the State of Alabama and the only Defendant is a citizen of the State of Delaware and Washington, D.C., complete diversity of citizenship is satisfied for removal jurisdiction in this case.

9. The Complaint filed herein does not assert a certain monetary amount being sought. However, by written settlement demand dated July 16, 2020, Plaintiff demanded a total express amount of $450,000.00. (Exhibit C). Based upon Plaintiff's explicit demand combined with the allegations of the Complaint, Plaintiff is clearly placing an amount in excess of $75,000.00 in controversy in this case. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010) ("When determining if the defendant has satisfied this burden [to establish jurisdiction by a preponderance of the evidence], the court will consider first whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. If it is not, the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters

submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied."). A district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal, including "settlement offers and demands". Katz v. J.C. Penney Corp., 2009 WL 1532129, *4 (S.D.Fla. June 1, 2009); Golden Apple Management Co. v. Geace Computers, Inc., 990 F.Supp. 1364, 1368 (M.D.Ala.1998). As the recent settlement demand demonstrates, Plaintiff has clearly placed more than $75,000.00, this Court's jurisdictional minimum, in controversy in this case. This Court therefore has jurisdiction over this matter and removal is proper.

10. As this case was not removable when filed, and Defendant has removed the case within thirty days of this cause becoming removable, removal is proper. Defendant has not yet filed an Answer to the Complaint in the Circuit Court of Montgomery County, and is contemporaneously filing an Answer in this Court.

11. Upon the filing of this Notice, the Defendant has given written notice thereof to the attorneys for the Plaintiff and has filed a copy of the removal proceedings and notice with the Circuit Court of Montgomery County, Alabama, all in accordance with the law. (Exhibit "D").

WHEREFORE, this Defendant prays that the removal of this action be effected to the United States District Court for the Middle District of Alabama, Northern Division, and no further or other proceedings may be had with respect to this matter in the Circuit Court of Montgomery County, Alabama, pending a final decision and determination of controversy in the said United States District Court.

DATED this 28th day of July, 2020.

JAY S. TULEY (ASB-1899-U84J)
Attorney for Defendant

OF COUNSEL:
Holtsford Gilliland Higgins Hitson & Howard, P.C.
PO Box 4128
Montgomery, AL 36103-4128
Phone:	334-215-8585
Fax:	334-215-7101
Email:	jtuley@hglawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of the same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm email to the following attorneys:

Charles Price
The Price Group, LLC
8 Commerce Street
10th Floor
Montgomery, AL  36104

Constance Walker
Haskell Slaughter Gallion & Walker, LLC
8104 B Seaton Place
Montgomery, AL  36116

This the 28th day of July, 2020.

_____
OF COUNSEL