IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS T. GALLION, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-00535-RAH-JTA |
| ) | [WO] |
| ZOE'S RESTAURANTS, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Thomas T. Gallion, III's (Gallion) motion to remand this case to the Circuit Court of Montgomery County, Alabama, which was filed after the Court *sua sponte* raised the issue of its jurisdiction. Defendants Zoe's Restaurants, LLC (Zoes), Cintas Corporation No. 2 (Cintas) and Zelda Place Partners, Ltd (Zelda) oppose the motion. The Defendants argue that because diversity existed at the time of removal and because the post-removal addition of the nondiverse defendant—Zelda—was a substitution for a fictitious party defendant and not a joinder, 28 U.S.C. § 1447 is not implicated. The Defendants also argue, in the alternative, that the Court should dismiss Zelda, and thereby restore complete diversity between the parties. For good cause, the Court concludes that it lacks jurisdiction and that this case is due to be remanded to the Circuit Court of Montgomery County, Alabama.

**I.   BACKGROUND**

On March 12, 2020, Gallion, a local attorney, tripped and fell over a mat outside the entrance to Zoes, a fast-casual restaurant located in Montgomery, Alabama. Gallion claims

1

that he can no longer play golf and that his profession as an attorney has been severely curtailed, if not ended, as a result of his injuries. (Doc. 1-4 at 2.)

On May 29, 2020, Gallion filed a premises liability lawsuit in the Circuit Court of Montgomery County, Alabama against Zoes and several unnamed fictitious party defendants. (Doc. 1-1.) Those fictitious defendants included the entity, whose name was then-unknown, responsible for maintaining the premises where the mat was located, the entity that owned the premises, and the entity that was responsible for the mat and its condition. (Doc. 1-1.)

Zoes subsequently removed the case to this Court, asserting the existence of complete diversity.

After Gallion's initial attempt at remand was denied by the Court (*see* Doc. 21), on May 19, 2021, Gallion filed a Motion for Leave to File Amended Complaint (*see* Doc. 25), pursuant to Rule 15(c), Fed. R. Civ. P., with an accompanying proposed amended complaint. (*See* Doc. 25-1.) In his motion, Gallion expressly sought "to add two new Defendants as parties in this case" that he claimed to have learned through review of Zoes' recently provided discovery responses. (Doc. 25 at 1.) One of those defendants was Zelda, a limited partnership domiciled in Alabama. (Doc. 25-1 at 1.)

In response to Gallion's motion, the Court issued a show cause order requiring Zoes to show cause as to why Gallion's motion should not be granted. (*See* Doc. 26.) Zoes did not lodge any opposition or file anything in response to the Court's order. Accordingly,

Gallion's motion was granted,[1] and Cintas and Zelda were added into the lawsuit as additional defendants without opposition.

Once Zelda was added to the case and its domicile conclusively reflected in the record, the Court issued an order requiring the parties to show cause why the case should not be remanded to the Circuit Court of Montgomery County, Alabama due to a lack of subject matter jurisdiction. (Doc. 41.) Tagging along with the Court's concern, Gallion filed a renewed motion to remand, which is presently before the Court. (Doc. 44.)

## II.   LEGAL STANDARDS

Generally, federal district courts have original diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. The general rule is that diversity jurisdiction is determined "at the time of filing the complaint, or if the case has been removed, at the time of removal." *PTA-FLA, Inc. v. ZTE ISA, Inc.*, 844 F.3d 1299 (11th Cir. 2016) (citing *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1306 n.1 (11th Cir. 2001)). But this rule however is not absolute because, under 28 U.S.C. § 1447(e), the post-removal attempted addition of a nondiverse party can result in denial of a joinder request, or if joinder is permitted, can trigger joinder and remand. And also, a court has authority to *sua sponte* dismiss the nondiverse defendant at a later stage. *See Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998).

When assessing motions to amend under § 1447(e), courts have adopted a

---

[1] This case was reassigned to the undersigned after the order adding Cintas and Zelda was issued.

flexible and equitable approach, which includes consideration of (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking the amendment; (3) whether the plaintiff will be prejudiced significantly if the amendment is not allowed; (4) the interests of the diverse defendants to remain in federal court; (5) judicial economy and the avoidance of parallel litigation which may spawn inconsistent results; and (6) any other factors bearing on the equities. *Dever v. Family Dollar Stores of Ga., LLC*, 755 F. App'x 866, 869 (11th Cir. 2018) (per curiam) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). The Court has broad discretion in weighing these factors. *Id.* And "[b]ecause the court's decision will determine the continuance of its jurisdiction, the addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum." *Hensgens*, 833 F.2d at 1182.

### III.   DISCUSSION

This Court's concern about jurisdiction comes from an atypical posture. When the case originally was filed in state court, there was complete diversity between the parties, and therefore removal was appropriate. However, once in federal court, Gallion was permitted to add Zelda—the nondiverse defendant—without objection from Zoes, the removing defendant. Had Zoes objected to the addition of Zelda and cited 28 U.S.C. § 1447(e) in doing so, this opposition would have required the Court to decide whether to deny the addition of Zelda and retain jurisdiction or allow Zelda's joinder and then remand the case.  That scenario is usually where the jurisdictional battle is fought.  But that is not the scenario presented here.

Here, Zelda was added without objection, and therefore the Court is not presented with the typical gateway issue of whether to deny joinder and retain jurisdiction or allow joinder and remand. Instead, joinder was allowed, but remand was not simultaneously ordered. As such, as the case currently sits, there is no complete diversity between the parties. So, what to do about it is the question—should the court keep Zelda and remand the case, or dismiss Zelda and retain jurisdiction?

Fortunately, the Court does not address this issue in a vacuum as the Eleventh Circuit in *Ingram v. CSX Transportation, Inc*., 146 F.3d 858 (11th Cir. 1998), addressed a similar circumstance, although much later in a case than is presented here. There, in dealing with jurisdiction regarding a non-diverse defendant added post-removal, the *Ingram* court noted, "[t]he district court had no discretion to add the City as a defendant, retain jurisdiction and decide the case on the merits." *Ingram*, 146 F.3d at 862. Going on, the court further stated: "[b]ecause section 1447(e) was applicable here, the district court was left with only two options: (1) deny joinder; or (2) permit joinder and remand Ingram's case to state court." *Id*. And perhaps most pertinent to this Court's current decision-making consideration, the Eleventh Circuit instructed: "[t]he district court chose to permit the diversity-destroying joinder and, as a result, it should have remanded this action to Alabama circuit court." *Id*.

Like in *Ingram*, this Court previously chose to permit the diversity-destroying joinder, and having elected that option, consistent with the directive of *Ingram*, this Court should not retain the case, but instead should remand it. But, as the outcome in *Ingram* counseled, remand is not absolutely necessary because a district court, like the appellate

5

court in *Ingram*, has the authority to dismiss dispensable, nondiverse parties to cure defects in diversity jurisdiction. *Id*. at 862. And in a tort case, as is the situation here, an alleged joint tortfeasor is a dispensable party. *Id*. at 861, n.2. As a dispensable party, this Court certainly has the authority and discretion to dismiss the nondiverse party; that is, dismiss Zelda and retain jurisdiction. The question then is, should the Court do so?

The Court concludes that it should not. Rather, the Court concludes that Zelda should remain a party and the case be remanded to the state court where the case was originally brought. This decision is based on a variety of equitable reasons, including: (1) Zelda is a typical, anticipated defendant in this case, (2) Zoes declined to object to Zelda's original joinder, (3) this case is still in its infancy, and (4) remanding better serves economic and judicial efficiency. *See Dever v. Family Dollar Stores of Ga., LLC*, 755 F. App'x 866, 869 (11th Cir. 2018) (discussing the role of equitable factors in determining whether a non-diverse party should be joined post-removal and the case remanded).

First and foremost, Zelda is a typical and expected party in this case. While Zelda is an alleged joint tortfeasor with the other defendants, therefore meaning that Gallion can be accorded complete relief in the absence of Zelda's presence in the case, Zelda, as the premises owner, is not an atypical defendant in this type of case.  In other words, premises owners are typically named as defendants in these types of cases even when the premises may be leased to a tenant such as Zoes. Contrary to the Defendants' assertions, Zelda is not a marginal or nominal defendant.  While Zelda's liability ultimately may be proved tenuous given that the premises defect arises out of the recent placement of a mat (when compared to, for example, a pot hole or broken parking curb), creation of the condition and

notice of the condition are better considered at the dispositive motion stage or by a jury. It is not appropriate for this Court to prejudge what the actual facts may show in this case in determining whether Zelda is a marginal or nominal defendant.

In addition, Gallion's original Complaint filed in state court contemplated the addition of the premises owner. As the caption and body of the Complaint make clear, Gallion intended to sue not only Zoes, but also the entities "who owned . . . or otherwise controlled the premises . . . ." (Doc. 1-1 at 1.) Because the identity of that entity was unknown at the time, Gallion pled that entity as a fictitious party defendant, a practice permissible under the Alabama Rules of Civil Procedure. It was only when that entity was identified in Zoes' post-removal discovery responses that Zelda was added as a defendant. The point being, that had Zelda's identity been known at the initiation of the lawsuit in state court, Zelda would have been originally named in the Complaint and no diversity would have existed in the first place. The case was removable only due to the fortuitous fact that Gallion initially did not know the premises owner's name. This is not a circumstance where Gallion added Zelda late in the game for the purpose of destroying diversity jurisdiction. Instead, Zelda was always a contemplated party and it was added only when its actual identity became known.

Second, Zelda was added to the case as a defendant without objection from Zoes. Perhaps that was so because Zoes too recognized that the premises owner is a customary defendant in a case like this, or perhaps it was because Zelda would constitute an additional defendant with whom Zoes could share exposure if any exposure exists at all. Indeed, it was only after this Court raised its jurisdiction *sua sponte* that the Defendants suddenly

7

requested the dismissal of Zelda. As such, Zoes' interest in litigating this case in this forum, while an appropriate consideration, bears little overbearing weight in the overall equities.

And related to this point, it cannot be said that Gallion added Zelda for the purpose of destroying diversity jurisdiction because Gallion did not move for remand once Zelda was added. It was this Court's own concern about its jurisdiction that launched the current dispute. If the Court had not brought up the issue *sua sponte*, there would be no pending motion to remand and the parties would be proceeding forward in this case without the question of jurisdiction on the table. But as the Eleventh Circuit's decision in *Ingram* shows, the issue of lack of subject matter jurisdiction can arise at any time, even on appeal after a dispositive motion ruling from a district court. Simply put, the facts of this case do not present the tactical gamesmanship surrounding jurisdiction that oftentimes motivates district courts to retain a case after a plaintiff attempts to, post-removal, join a nondiverse defendant.

Third, unlike the circumstances in *Ingram*, this case is still very much in its infancy. *See, e.g., Taylor v. Alabama CVS Pharmacy LLC*, No. 7:16-cv-1827-TMP, 2017 WL 3009695, at *9 (N.D. Ala. July 14, 2017) (considering the infancy of the case in determining whether to grant joinder and remand).[2] Discovery has just been initiated. No

---

[2] Interestingly, Zelda in its supplemental filing (*see* Doc. 54) on this jurisdictional issue cites and emphasizes the Northern District of Alabama's decision in *Taylor* as providing persuasive reasoning for why this Court should not remand. *See Taylor v. Alabama CVS Pharmacy LLC*, No. 7:16-cv-1827-TMP, 2017 WL 3009695 (N.D. Ala. July 14, 2017). This decision does not help the Defendants' cause. While *Taylor* is not identical in all respects, the *Taylor* court was presented with many of the same issues that exist here, and in weighing all of the equities there, the *Taylor* court decided to allow the addition of the nondiverse party and remand the case. *Id*.

8

dispositive motions have been filed. And the current trial date, which was set by the previous presiding judge before the new defendants were added, is over 7 months away and likely will be pushed out even farther due to the subsequent addition of the two new defendants. In short, this is not a circumstance like that in *Ingram* where a federal court already has invested a tremendous amount of work in presiding over a case, only to have it nullified if the nondiverse defendant is not dismissed.

And fourth, from an economy standpoint, dismissing Zelda from the case for the sole reason of preserving diversity jurisdiction, as the Defendants offer as an alternative solution, likely creates its own set of issues—duplicate, parallel litigation due to the need to file a separate lawsuit against Zelda; increased litigation costs; waste of judicial resources; and potentially inconsistent results. And in both cases, the parties will litigate the exact same issues—the condition of the mat, who placed it and created the condition, who had knowledge of it, whether it was open and obvious, and Gallion's injuries and damages. And further, duplicate litigation against joint tortfeasors certainly results in the unnecessary expense of additional resources and gives Gallion the proverbial two bites at the apple. *See Marshall v. CSX Transport. Co., Inc.*, 916 F.Supp. 1150, 1154 (M.D. Ala. 1995) (remanding case). In short, while the Court agrees that it has the ability to undertake the § 1447(e) analysis post-amendment and to dismiss Zelda in order to retain jurisdiction, the Court concludes that the overall equities weigh in favor of keeping Zelda as a defendant and remanding the case to the appropriate state court.

As another substantive issue, much discussion is given by all as to whether Zelda's addition was a substitution or a joinder. The Defendants push for a substitution with the

hope of avoiding the implication of § 1447(e). Gallion argues that it was a joinder. While this Court's review of the record suggests that Zelda's addition was more akin to a joinder than a substitution—since federal courts generally do not recognize fictitious party practice, since Gallion's motion for leave used the term "add" and never used substitution, and since the Amended Complaint did not reflect a substituted party but instead added altogether new claims against new defendants, (*see* Doc. 25 at 1; Doc. 25-1 at 1)—the distinction does not compel a different outcome, especially in light of *Ingram*.

But even if treated as a substitution, logic compels that the case be remanded. That is, the fictitious defendant (here, Zelda) at the outset was a nondiverse defendant. All that substitution accomplished was to formally replace that fictitious defendant with Zelda, and Rule 15 all-but-requires that Zelda be treated as if it had been a defendant since inception (certainly for statute of limitations purposes). Fed. R. Civ. P. R.15(c). At inception, with Zelda present in the case as a defendant, diversity did not exist, and the case would never have made its way to federal court.

Finally, the Defendants' reliance on the *Freeport-McMoRan* decision concerning a court's ability to substitute a nondiverse defendant and ignore the fact that the parties are no longer diverse, is generally misplaced. *See Freeport-McMoRan, Inc. v. KN Energy, Inc.,* 498 U.S. 426 (1991). *Freeport-McMoRan* was unique in that substitution was required because the interest of the original, diverse defendant was subsequently assigned to a nondiverse party that therefore compelled its substitution. The nondiverse party had no stake in the original dispute until after the assignment. That scenario does not exist here where Zelda had a stake in the dispute at the outset.

## IV.   CONCLUSION

Due to the lack of diversity, the Court concludes that it lacks subject matter jurisdiction and therefore this action is due to be remanded to the Circuit Court of Montgomery County, Alabama.  Accordingly, it is ORDERED as follows:

1. The Plaintiff's Motion to Remand (Doc. 44) is GRANTED.

2. The Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 38) is DENIED as moot.

3. This matter is REMANDED to the Circuit Court of Montgomery County, Alabama.

4. The CLERK of COURT is DIRECTED to close this matter.

DONE, on this the 17th day of December, 2021.

                                        /s/ R. Austin Huffaker, Jr.
                                       R. AUSTIN HUFFAKER, JR.
                                       UNITED STATES DISTRICT JUDGE